IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| v. | : | Civil No. |
| **$11,081.00 in U.S. CURRENCY,** | : | |
| **Defendant.** | : | |

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against United States currency involved in violations of Trafficking in Contraband Cigarettes that is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

### THE DEFENDANTS *IN REM*

2. The defendant property consists of $11,081.00 in United States currency (hereinafter, the "Defendant Property").

3. The Defendant Property was seized on June 5, 2013, from Sharjeel Stephen Rahat ("Rahat") pursuant to a traffic stop and search of the 1997 Lincoln Town car, Pennsylvania registration HJZ1792, that Rahat was driving in Worcester County, Maryland. The Defendant

Property subsequently was placed in the custody of the United States Department of Homeland Security in the District of Maryland where it remains.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 18 U.S.C. § 981(a)(1)(C).

5. This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the Defendant Property is located in this district.

## BASIS FOR FORFEITURE

7. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it is property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 2342 (knowingly ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes).

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Elizabeth Warchol, Special Agent of Homeland Security Investigations, which is incorporated herein by reference.

**WHEREFORE**, THE Plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the Defendant Property;

3. That Judgment of Forfeiture be decreed against the Defendant Property;

4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the Defendant Property according to law;

5. That the Plaintiff have such other and further relief as the case may require.

Dated: December 4, 2013

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

## **DECLARATION**

This affidavit is submitted in support of a complaint for forfeiture of $11,081.00 in United States Currency seized on June 5, 2013.

I, Elizabeth Warchol, Special Agent of Homeland Security Investigations, submit that there are sufficient facts to support a reasonable belief that the $11,081.00 in United States Currency seized on June 5, 2013 constitutes property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C § 2342 (knowingly ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes). Thus, the $11,081.00 in United States Currency seized on June 5, 2013, are subject to forfeiture pursuant to 18 U.S.C. § 981 (a)(1)(C).

a. On June 5, 2013, Maryland State Police (MSP) Trooper M. Meyers stopped a 1997 Lincoln Town Car, Pennsylvania registration HJZ1792, for a speeding violation in Worcester County, Maryland.

b. MSP Meyers identified Sharjeel Stephan RAHAT as the driver and sole occupant of the vehicle.

c. The vehicle was registered to a third party who was not present.

d. RAHAT was from Philadelphia Pennsylvania. There was nothing in the car to indicate legitimate long distance travel; the strong odor of air freshener/scent masking agent coming from the vehicle.

e. During the roadside interview, RAHAT stated he was traveling to Virginia for a job interview at "The Habit". MSP Meyers has knowledge The Habit is a tobacco store utilized by illegal cigarette smugglers to purchase large quantities of untaxed/unstamped cigarettes. Although claiming to be applying

1

for a job, RAHAT advised he is the owner of two businesses. Lastly, when questioned about large amounts of currency being in the vehicle, RAHAT paused, looked away, looked back at MSP Orndorff, and answered in the negative.

f. MSP Orndorff conducted a K-9 free air sniff of the vehicle resulting in a "positive alert" for the presence of narcotics and a search of the vehicle was conducted.

g. Evidentiary items of value recovered from the trunk of the vehicle were 10 cartons (100 packs) of Export "A" cigarettes and 5 pack of Benson and Hedges cigarettes. (Per MSP Meyers: Export "A" cigarettes are Canadian made cigarettes, not for sale in the United States (US), and bore no tax stamp from any state in the US. The Benson and Hedges cigarettes bore a Virginia tax stamp).

h. Further evidentiary items of value recovered from the trunk of the vehicle were two used, yet empty, hand tied trash bags. Although the trash bags were torn, when unraveled, the knot was tied leaving the bag just large enough to conceal a case of cigarettes. Along with the two used bags was a new box of "Glad" brand trash bags. (Per MSP Meyers: Through training, knowledge, and experience garbage bags are used in attempt to conceal untaxed cigarettes when they are being smuggled).

i. Evidentiary items of value recovered from the passenger compartment of the vehicle, in the center console, was $10,800.00 US Currency (various

denominations) within a white paper bag which had a makeshift handwritten currency ledger on it.

j. RAHAT was advised of his Miranda Rights and agreed to speak with MSP Meyers. RAHAT advised the cigarettes had been purchased in the State of Virginia weeks earlier, they did not contain a Maryland tax stamp, he was not a cigarette dealer or wholesaler, and he did not have a manifest to transport the cigarettes in the State of Maryland.

k. RAHAT was placed under arrest for the importation of cigarettes, for which the tobacco tax had not been paid, and possession of unstamped cigarettes. The currency was seized for forfeiture and the trash bags were seized as evidence.

l. RAHAT was transported to the MSP Berlin Barrack for processing and a thorough secondary search was conducted. Located on RAHAT's person was more evidence of illegal cigarette smuggling to include two cigarette ledgers or "shopping lists", a business card from The Habit concealed in a white credit card protector along with his business card, and an additional $281.00 US Currency. All currency and property was secured via chain of custody.

m. MSP Meyers contacted HSI Special Agent (SA) Ken Oland to assist with processing. SA Oland arrived and advised RAHAT of his Miranda Rights via MSP Form 180. RAHAT stated he understood his rights and agreed to speak with SA Oland and MSP Meyers.

n. RAHAT stated he knows he made a mistake and that he did this. RAHAT stated that this is the third time he was doing this.

o.  RAHAT made his first trip to purchase cigarettes in January 2013. RAHAT stopped at approximately 4 shops to purchase cigarettes in Maryland and Virginia as the prices were similar. RAHAT purchased approximately 30 cartons total from the four locations. RAHAT estimated that he makes approximately $5-$10 per carton selling the cigarettes to people he knows. RAHAT estimated his expenses for the trip to Virginia at approximately $60 for gasoline and $6 in tolls.

p.  RAHAT made his second trip to purchase cigarettes approximately May 11, 2013. RAHAT stated he received a speeding ticket on his way down to Virginia to pick up the cigarettes. RAHAT stated he had taken approximately $6,000 in US Currency with him on this trip to purchase cigarettes but he had only purchased approximately $4,000 worth. RAHAT stated he went to 8-12 stores and purchased from 7 or 8 to about 10 cartons of cigarettes at each store. HABITS was one of the stores that RAHAT purchased cigarettes from on this trip. RAHAT purchased approximately 8 cartons of cigarettes from HABITS on this trip. RAHAT stated that he sold the cigarettes he purchased in Pennsylvania for approximately $5,000 to $5,500.

q.  RAHAT stated the trip on June 5, 2013 was his third trip. RAHAT stated that of the approximately $11,000 in US Currency RAHAT had in his possession for the purchase of cigarettes in Virginia, approximately $6,000 was from the sale of cigarettes from prior trips, $2,000 was borrowed from a friend - Irfan LNU, and the remaining $3,000 was from side work he did. HABITS was

going to be RAHAT's first stop to purchase cigarettes and then he would go elsewhere to purchase additional cigarettes.

r. RAHAT stated he did not have any arrangements made for who he would sell the cigarettes to on his return. RAHAT stated he planned to keep the cigarettes in his vehicle and sell them to whoever would purchase them. RAHAT stated he is known to have cigarettes on him for sale.

s. RAHAT stated the cigarettes in his vehicle on June 5, 2013 were purchased on his second trip to Virginia. RAHAT stated that he was smoking them because he was unable to sell them and that they were not good cigarettes. RAHAT stated he paid $5 per carton for the cigarettes.

t. The items of evidentiary value recovered from the vehicle, US Currency, and RAHAT's willing statement, support a reasonable belief that RAHAT was continually traveling South to purchase and transport illegal untaxed/unstamped cigarettes.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND STATE POLICE AND INTERVIEW CONDUCTED BY HSI, IN REFERENCE TO THE SEIZURE OF $11,081.00 IN UNITED STATES CURRENCY ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Elizabeth Warchol
Special Agent
Homeland Security Investigations

## VERIFICATION

I, Richard C. Kay, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Department of Homeland Security and that everything contained therein is true and correct to the best of my knowledge and belief.

Dated: December 4, 2013

Richard C. Kay
Assistant U.S. Attorney

**MEMORANDUM**

DATE:        December 4, 2013

TO:          Paula M. Rigby
             U.S. Customs and Border Protection

FROM:        Naquita C. Ervin
             FSA Paralegal Specialist
             U.S. Attorney's Office - District of Maryland

RE:          **$11,081 U.S. Currency**

             <u>Civil Action No.</u>
             **CATS ID 13-CBP-000377 – 2013-1303-001360-01**

The United States has filed a forfeiture action against **$11,081 U.S. Currency.** A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.

Attachment

1

# Department of Homeland Security
*Federal Law Enforcement Agencies*
## PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER |
|---|---|
| DEFENDANT<br>$11,081 U.S. Currency | TYPE OF PROCESS<br>Verified Complaint in Rem |

| SERVE AT | Name Of Individual, Company, Corporation, Etc. to Serve or Description of Property to Seize<br>2013-1303-001360-01/ 13-CBP-000377 |
|---|---|
| | Address (Street or RFD / Apt. # / City, State, and Zip Code) |

| Send NOTICE OF SERVICE copy to Requester:<br><br>Naquita Ervin, Paralegal Specialist<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland 21201 | Number Of Process To Be Served In This Case. | |
|---|---|---|
| | Number Of Parties To Be Served In This Case. | |
| | Check Box If Service Is On USA | |

SPECIAL INSTRUCTIONS or OTHER INFORMATION TO ASSIST IN EXPEDITING SERVICE (includes Business and Alternate Addresses, Phone Numbers, and Estimated Availability times.)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of [X] Plaintiff<br>[ ] Defendant | Telephone No.<br>(410) 209-4800 | Date<br>Dec 4, 2013 |
|---|---|---|
| SIGNATURE OF PERSON ACCEPTING PROCESS: | | Date |

### SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY

| I acknowledge receipt for the Total # of Process Indicated. | District of Origin No. | District to Serve No. | SIGNATURE OF AUTHORIZED TREASURY AGENCY OFFICER: | Date |
|---|---|---|---|---|

I hereby Certify and Return That I [ ] PERSONALLY SERVED, [ ] HAVE LEGAL EVIDENCE OF SERVICE, [ ] HAVE EXECUTED AS SHOWN IN "REMARKS", the Process Described on the Individual, Company, Corporation, Etc., At The Address Shown Above or at the Address Inserted Below.

[ ] I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC. NAMED ABOVE.

| NAME & TITLE of Individual Served If not shown above: | [ ] A Person of suitable age and discretion then residing in the defendant's usual place of abode. | | |
|---|---|---|---|
| ADDRESS: (Complete only if different than shown above.) | Date of Service | Time of Service | [ ] AM<br>[ ] PM |
| | Signature, Title and Treasury Agency | | |

REMARKS:

TD F 90-22.48 (6/96)

Make (5) copies after form is signed. SEND ORIGINAL + 4 COPIES to TREASURY AGENCY. Retain Copy #5 for your file.